## WALES THAYER *vs.* ELISHA MANN, JR.

Where the creditor of an insolvent debtor received materials from the shop of the insolvent, and took them to his own shop, and there manufactured such materials into boots, at certain agreed prices, and delivered the manufactured articles to the debtor, within sixty-five days previous to his insolvency, it was held, that such creditor was entitled to a preference as an operative, under the act of 1838, *c.* 163, § 24.

A creditor of an insolvent debtor may be entitled to a preference, as an operative, in the service of such debtor, for labor performed by the creditor's wife.

When the demand of a creditor of an insolvent is allowed as a debt against the estate, but his claim to a preference for the same or a part of it, as for labor performed by him as an operative in the service of the insolvent, is disallowed, the remedy of such creditor is not by an appeal, under the act of 1838, *c.* 163, § 4; but he should first file a petition to have his demand paid in full, and, upon the disallowance of such petition, bring his case before this court.

THIS was an appeal to the court of common pleas, from a decree of the judge of probate for this county, disallowing a claim of the appellant against the estate of Levi Mann, 2d, an insolvent debtor, of which the appellee was the assignee.

The case was submitted upon an agreed statement of facts, from which it appeared, that Levi Mann, 2d, on or about the 15th of February, 1848, presented his petition to the judge of probate for the benefit of the insolvent law, upon which such proceedings were had, that a meeting of the creditors of the petitioner was held on the 4th of March following, at which Elisha Mann, jr., was appointed his assignee; that the appellant, being a creditor of the insolvent, presented his claim for allowance, at such meeting, and the same was allowed, amounting to $22·20; that at the second meeting of the creditors, held on the 1st of April, 1848, the appellant requested and moved the judge of probate, that he be allowed a preference, as an operative in the employment of the insolvent, for his claim or such part thereof as appeared to be for services rendered within sixty-five days previous to the insolvency of the debtor, not exceeding $25, which preference the judge of probate refused to allow; that the appellant thereupon appealed from the decree disallowing his claim for a preference, and duly notified the judge thereof, to the court

of common pleas next to be held in the county of Norfolk; that the amount of the appellant's claim against the insolvent was justly due; that the services, upon which the same was founded, were performed by the appellant personally, as stated in the claim below * except the last item therein, which was the work of the appellant's wife; that the compensaion, which it was agreed between the parties, the appellant was to have for his services, was computed at the prices charged in his bill; and that the materials, upon which the services were bestowed, were taken from the manufacturing shop of the insolvent, and carried to the shop of the appellant, where the work was done.

E. Ames, for the appellee, argued: 1st, That as the services performed by the appellant were done upon materials taken from the shop of the insolvent, and carried to that of the appellant, where the work was done; and as the prices agreed to be paid therefor were by the piece and not as wages; the appellant could not properly be said to have performed labor as an operative, in the service of the insolvent, within the meaning of the act of 1838, c. 163, § 24; 2d, That the appellant had a lien for his labor upon the articles manufactured by him for the insolvent, and it could not be the intention of the statute, to consider one as an operative, and allow him a preference, when such creditor already had a sufficient remedy and preference by means of his lien; and, 3d, that the word "operative," as used in the statute, was confined n its meaning, and applicable only to those persons who were employed as laborers in manufacturing establishments.

A. Prescott, for the appellant.

SHAW, C. J. This case turns upon the construction of a provision in the original insolvent law, (St. 1838, c. 163,

---

| * 1848. | Mr. Levi Mann, 2d, to Wales Thayer, | | | | Dr. |
|---|---|---|---|---|---|
| Jany. 5. | To making 12 prs. of Lt. Calf Boots, | - | - | - | $5·00 |
| 11. | To " 12 " " " " | - | - | - | 5·00 |
| 21. | To " 12 " " " " | - | - | - | 5·00 |
| | To cording 480 prs. Boots at 1½ cts., | - | - | - | 7·20 |
| | | | | | $22 20 |

Thayer *v.* Mann.

§ 24,) which gives a preference, to be paid in full, to the demand of "any person, who shall have performed any labor as an operative, in the service of any insolvent, to an amount not exceeding $25, if such service have been performed within sixty-five days before the insolvency of the employer."

We are not aware, that this clause has received any judicial construction, and the word "operative," without more qualification than this clause contains, is not definite enough to enable us to lay down any precise general rule. Probably the primary thought, which legislators had in mind, was the wages due to men and women working in manufactories, who usually receive their pay weekly or monthly. But certainly, it is not limited to those working for manufacturers, or mechanics, or to persons working in factories or workshops. Whether it shall extend to farm-laborers, to house servants, to persons working singly or in gangs, in woods, or on marshes, or under contractors on public works, at a distance from the home both of the employer and the laborer, are all open questions on this statute, and we do not feel called upon to suggest any general rule, until they are more distinctly presented for adjudication. So when the demand is not solely, but is mainly for labor, as where a currier takes hides and skins to dress, and adds some slight material of his own required in the process. In the present case, as we understand the facts, the laborer took all the requisite materials from the employer, and made them into boots, at an agreed price, and returned them to the employer within sixty days next before the insolvency.

The objections to this claim are two : 1. That the laborer did not do the work under the eye or immediate direction of the employer, or on his premises : 2. That he took his own time to do the work, and was not paid according to the time employed in the same, but by the quantity of work done ; in other words, he was to be paid by the piece, and not by the day.

Taking into consideration the policy and principle of the statute, we can perceive no sufficient force in either of these

objections to repel the claim of preference. We think the policy of the statute was to secure to a class of very needy and efficient laborers, who are very dependent and meritorious, but who have little means of knowing the credit of their employers, the small amount due them for very recent service. If they in fact give credit to their employers, beyond the strict time limited by statute, they take their chance of that credit with others who trust them.

Nor does it, we think, make any difference, that the labor was done, on the workman's own premises, by the job. In many of the large factories, some of the operatives are paid by the piece, and not by the week; it is a perfectly equitable mode for both parties, and is a healthy stimulus to industry and skill on the part of the laborer. And though not done on the employer's premises, the relation of employer and workman exists; the claim is wholly for manual labor, performed within the time limited. It is within the policy, and, we think, within the operation of the law.

The court are of opinion, that the party is entitled to the preference claimed under the statute, but that the case does not come before us properly by this appeal. The claimant presented his demand to be proved, and it was allowed, and he has no ground to appeal from that decision. But his course is, to file a petition before the master, to have his demand paid in full; it will be sufficient time to bring his case here if that petition is disallowed. The point having been brought before us, both parties expressed a wish that an opinion might be given on the principal question.